### 50909. LITTLE v. THE STATE.

QUILLIAN, Judge.

The defendant appeals from his conviction for possession of more than one ounce of marijuana. In this court, it is contended that the trial judge erred in overruling the defendant's motion to suppress the marijuana on the ground that there was an illegal and warrantless search, an illegal arrest and detention and an abuse of police power.

Two versions of the events which transpired appear in the evidence.

The arresting officer testified that in response to a report he proceeded to the John Smith Bridge Road where he located a wrecked automobile about twenty feet off the road. The vehicle had struck a tree. The officer knew that the defendant was the owner of the vehicle which was discovered about 9 p.m. The officer testified that in his opinion, based on the heat of the engine, the wreck had happened about thirty minutes before his arrival.

The officer left the scene to locate the defendant and saw him in the living room of a house a little over a mile from the scene. The officer smelled marijuana when he stepped up to the porch and asked the defendant if the wrecked car was his. Upon receiving an affirmative reply, the officer stated "well, let's go see if we can get it out." The defendant came out of the house and he and the officer started toward the officer's vehicle. The officer stated that in his opinion the defendant was intoxicated. Just before reaching the vehicle, which was about twenty to twenty-five feet away, defendant attempted to throw away an item that had been concealed under his shirt. The officer saw the motion and a clear plastic bag with material inside. The officer hit defendant's arm and the bag went some ten feet away. The officer recovered the bag which contained five smaller bags and arrested the

defendant. The bags were found to contain over one ounce of marijuana.

The defendant testified that he had a car accident after being pursued by unidentified persons armed with a gun. His car was forced off the road and the collision resulted. The defendant was knocked unconscious and remained so until after dark, some four or five hours. He was then picked up by passing motorists and taken to their home where he remained for about two hours. While suffering pain from a headache he was approached by the deputy sheriff who questioned him about the car. He was then asked to come outside; at which time, the defendant relates that he was searched by the officer. The defendant realized that he had something in his shirt of which he had no prior knowledge and attempted to throw it away. *Held:*

The arrest and seizure were authorized. Code § 27-207; *Mayo v. State,* 131 Ga. App. 831 (207 SE2d 237).

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

Argued September 2, 1975 — Decided October 20, 1975.

*Silver, Zevin & Sewell, Murray M. Silver,* for appellant.

*V. D. Stockton, District Attorney,* for appellee.